1
2
3
4
5
6
7

FILED
CLERK, U.S. DISTRICT COURT

OCT  6 2008

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

8

# UNITED STATES DISTRICT COURT

9

## CENTRAL DISTRICT OF CALIFORNIA

10
11

JEFF FARR,

Petitioner,

v.

LINDA SANDERS, Warden,

Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. CV 08-346-VBF (OP)

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE
JUDGE

12
13
14
15
16
17
18

This Report and Recommendation is submitted to the Honorable Valerie
Baker Fairbank, United States District Judge, pursuant to the provisions of
28 U.S.C. § 636 and General Order 194 of the United States District Court for the
Central District of California.

19
20
21
22

# I.

## PROCEEDINGS

23
24

On January 18, 2008, Jeff Farr ("Petitioner"), filed the current Petition for
Writ of Habeas Corpus by a Person in Federal Custody pursuant to 28 U.S.C. §
2241 ("Petition").  On February 21, 2008, Petitioner also filed a Motion

25
26
27
28

Challenging the Terms of Confinement Pursuant to 28 U.S.C. § 2241 ("Motion").[1]

On March 24, 2008, Respondent filed a Motion to Dismiss the Petition ("Motion to Dismiss Petition") on the following grounds: (1) failure to state a claim cognizable on federal habeas review, (2) the claim raised is not ripe for judicial determination, and (3) failure to exhaust administrative remedies. The Court granted Petitioner additional time, until April 30, 2008, to file an Opposition to the Motion to Dismiss Petition. (Dkt. No. 10.) As of the date of the filing of this Report and Recommendation, Petitioner has not filed an Opposition to the Motion to Dismiss Petition.

In reviewing Respondent's Motion to Dismiss Petition, the Court noted that it addressed only the claim raised in the original Petition and did not address the claim raised in Petitioner's February 21, 2008, Motion. As a result, the Court ordered supplemental briefing on the new claim. (Dkt. No. 11.) On August 22, 2008, Respondent filed a Motion to Dismiss Petitioner's Motion ("Motion to Dismiss Motion"). On September 22, 2008, Petitioner filed a Traverse. Thus, this matter now is ready for decision.

## II.

## PROCEDURAL HISTORY

Petitioner is currently incarcerated at the United States Penitentiary in Lompoc, California. On June 16, 1998, Petitioner was sentenced to a 168 month term of imprisonment in the United States District Court for the District of Colorado for conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Mot. to Dismiss Pet. at 2, Vize Decl. ¶ 5, Ex. B.)

## III.

---

[1] The Court notes that this "Motion" actually raised a new claim which should have been raised in the Petition or in a First Amended Petition.

## PETITIONER'S CLAIMS

In his Petition, Petitioner challenges the validity of two regulations of the Bureau of Prisons ("BOP"), 28 C.F.R. sections 570.20 and 570.21, which govern placement of inmates in Residential Reentry Centers ("RRCs" or "halfway houses"). (Pet. at 1-4; Mot. to Dismiss Pet. at 1.) Petitioner contends that the BOP regulations impermissibly restrict his placement at a halfway house to the last six months of his 168 month sentence, in violation of 18 U.S.C. § 3621(b). (Pet. at 2; Mot. to Dismiss Pet. at 1.)

In his Motion, Petitioner seeks a correction or modification of his sentence "so that he be given credit for time served from the day of the issuance of the writ of ad prosequendum until the day of his sentencing on the instant offense" (Mot. at 1), and for all time post-conviction spent while incarcerated by the state of Colorado. (Id. at 4.)

## IV.

## DISCUSSION

Federal prisoners must exhaust their federal administrative remedies prior to filing a habeas corpus petition pursuant to 28 U.S.C. § 2241. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986). The exhaustion requirement is not, however, jurisdictional. Brown, 895 F.2d at 535. Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court. Id. Considerations weighing in favor of requiring exhaustion are whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and

3

to preclude the need for judicial review. <u>Noriega-Lopez v. Ashcroft</u>, 335 F.3d 874, 881 (9th Cir. 2003). Exhaustion also may be excused if pursuing the required administrative remedies would be futile. <u>Fraley v. United States Bureau of Prisons</u>, 1 F.3d 924, 925 (9th Cir. 1993).

The BOP has established a four-step procedure for formal review of inmate complaints relating to any aspect of imprisonment. <u>See</u> 28 C.F.R. §§ 542.10-542.19. Petitioner's BOP records show that he has failed to exhaust his administrative remedies with respect to the issue raised in the current Petition and the issue raised in the Motion. (Mot. to Dismiss Pet., Vize Decl. ¶ 8, Ex. C; Mot. to Dismiss Mot., Nastro Decl., ¶ 7, Ex. C.) In fact, Petitioner has not filed a single administrative appeal regarding the issues raised in the current Petition or Motion. (<u>Id.</u>)

Although Petitioner has not filed an Opposition to either of Respondent's Motions, he argues in his Petition that it would be futile to require him to exhaust his claim because the BOP had shown in other cases that it would not concede that any discretion was permissible in light of its regulations. (Pet. at 7.) He also argues in his Motion that it would be futile to require him to exhaust the claim raised in the Motion.

In the Motion to Dismiss Petition, Respondent noted that the Ninth Circuit was hearing oral arguments in an appeal challenging the same regulations challenged by Petitioner in the current Petition. (Mot. to Dismiss Pet. at 8 n.3 (<u>citing</u> <u>Rodriguez v. Smith</u>, No. 07-16014 (9th Cir.).) Respondent also argued that Petitioner should be required to exhaust his administrative remedies to allow the BOP an opportunity to review his claims "in light of judicial developments." (Mot. to Dismiss Pet. at 8.) The Court agrees.

On September 4, 2008, the Ninth Circuit issued its published decision in <u>Rodriguez</u>. <u>Rodriguez v. Smith</u>, No. 07-16014, 2008 WL 4070264 (9th Cir. Sept. 4, 2008). In <u>Rodriguez</u>, as here, the petitioner sought an order directing the BOP

to immediately consider transferring him to an RRC pursuant to the factors set forth in 18 U.S.C. § 3621(b), and without reference to the BOP policies set forth in 28 C.F.R. sections 570.20 and 570.21.  In affirming the district court's grant of Rodriguez's habeas petition, the Ninth Circuit held that the two BOP regulations conflict with the plain language of 18 U.S.C. § 3621(b) as to when an inmate may be considered for initial placement in or transfer to an RRC.  Id. at *6.

In light of the decision in Rodriguez, the Court believes it would not be futile to require Petitioner to exhaust the claim set forth in his Petition.[2] Moreover, the Court agrees with Respondent that Petitioner's claim as set forth in his Motion also is unexhausted, and it would not be futile to require him to exhaust that claim as well.

Thus, the Court finds that dismissal of the action is warranted on the basis of non-exhaustion.[3]

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[2]  The Court also notes that on April 9, 2008, the Second Chance Act of 2007, became effective, requiring that pre-release RRC placement decisions by the BOP be made on an individual basis according to the criteria set forth in the statute, as well as the criteria in § 3621(b).  18 U.S.C. § 3624(c)(6).  This statutory mandate rendered inapplicable the BOP's former regulations contained in 28 C.F.R. section 570.20 and section 570.21.

[3]  In light of the Court's recommendation, it declines to consider Respondent's arguments that the claim in the Petition failed to state a claim cognizable on federal habeas review and was not ripe for judicial determination.

1

## V.

## **RECOMMENDATION**

IT THEREFORE IS RECOMMENDED that the District Court issue an Order:  (1) approving and adopting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss for failure to exhaust administrative remedies; and (3) directing that Judgment be entered dismissing this action without prejudice.


DATED:  September 30, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge

6